# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| FREDRICK EARL LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-104 |
| | ) | |
| FRED BURNETTE, *Warden*; and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Frederick Earl Lane petitions this Court (docs. 1 & 4), over the respondents' opposition (doc. 10), for 28 U.S.C. § 2254 habeas corpus relief. For the following reasons his motion should be denied.

## I. BACKGROUND

A Chatham County jury convicted Lane of malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Doc. 1 at 4; Doc. 10, Br. at 1. The felony murder counts were vacated by operation of law, and Lane was sentenced as a recidivist to life

imprisonment without the possibility of parole. Doc. 1 at 4; Doc. 10, Br. at 1. He appealed to the Supreme Court of Georgia, which affirmed the conviction but remanded to the trial court the question of whether Lane's counsel provided constitutionally effective representation. *Williams v. Georgia*, 280 Ga. 539, 543-44 (2006). The trial court found counsel effective. Resp't's Ex. 10.

While *Williams* was still pending, however, Lane petitioned a state court for habeas relief. Resp't's Ex. 4. After *Williams* was resolved, the state habeas court rejected the petition following an evidentiary hearing.[1] Resp't's Exs. 4 & 5. The Georgia Supreme Court denied Lane's application for a certificate of probable cause to appeal that ruling on May 20, 2008. Resp't's Ex. 6. Lane then filed the present federal habeas corpus petition, contending that:

(1) he received ineffective assistance of trial counsel, and

(2) his life sentence without parole violated the Ex Post Facto Clause of the United States Constitution.

Doc. 4 at 2-9.

---

[1] Lane filed an earlier state habeas petition while his direct appeal was still pending, but the state habeas court dismissed it as premature. Resp't's Ex. 2.

## II. GOVERNING STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bell v. Cone*, 535 U.S. 685, 693 (2002) (AEDPA was intended "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."); see *Peterka v. McNeil*, 532 F.3d 1199, 1200-01 (11th Cir. 2008) (under AEDPA a federal court's review of a state court ruling is "greatly circumscribed and highly deferential to the state courts") (citation omitted); *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1290 (11th Cir. 2008) (AEDPA limits a federal court's review of a state court's decisions "and establishes a general framework of substantial deference for reviewing every issue that the state courts have decided.") (citations omitted). These new restrictions on federal habeas review are set forth in 28 U.S.C. § 2254(d), which provides that a federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court adjudication

3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and furnish separate bases for reviewing a state court's decisions. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 404-05; *Putnam v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court decision is "contrary to" clearly established federal law[2] if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the

---

[2] The statutory reference to "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412. A federal habeas court may not look to "the case law of the lower federal courts" in determining what federal law is "clearly established." *Putnam*, 268 F.3d at 1241. This is a retrenchment from former practice, which allowed the federal courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court when conducting habeas review of a state court judgment. *Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 519 U.S. 1074 (1997).

4

Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13.

In contrast, a state court decision involves an "unreasonable application" of clearly established federal law where it correctly identifies the governing legal rule from the Supreme Court's cases but applies it unreasonably to the facts of the particular prisoner's case. *Id.* at 407-08, 413. Thus, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Id.* at 409; *Bell*, 535 U.S. at 694; *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). That presents "a substantially higher threshold" than the pre-AEDPA standard. *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1939 (2007).

Under both standards federal courts presume state court factual findings to be correct unless rebutted by the petitioner "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This statutory presumption of correctness applies to findings of fact made by both state

trial and appellate courts. *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007). Such deference does not apply, however, to mixed determinations of law and fact. *Parker*, 244 F.3d at 836.

Finally, a state court's decision rejecting a constitutional claim on the merits is entitled to deference even if the decision is summary in nature and offers no discussion of the court's reasoning. *Wright v. Moore*, 278 F.3d 1245, 1253-54 (11th Cir. 2002) (two-sentence opinion affirming defendant's conviction constituted a rejection of his claim on the merits so as to warrant deference); *Parker*, 331 F.3d at 776 ("the summary nature of [the] decision does not lessen the deference that it is due").

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Lane first contends that his trial counsel, Richard Darden, was constitutionally ineffective for failing to move for a continuance prior to trial in order to locate Mr. Novelle Bryant, an alibi witness. Doc. 4 at 2-4. Lane raised this argument in his motion for new trial,[3] which was

---

[3] Respondent mistakenly contends that this claim is raised for the first time and is thus procedurally defaulted. Doc. 10, Br. at 7-8. The Court additionally notes that it

6

filed after the case was remanded from the Supreme Court of Georgia for an inquiry into Darden's effectiveness. Resp't's Ex. 7 at 3. The state court resolved the claim against petitioner, and this Court cannot say that the state court unreasonably applied the appropriate Supreme Court authority. Resp't's Ex. 10 at 2.

As noted above, the Court must review § 2254 claims through the lens of clearly established federal law. Here, that law arises from the landmark case of *Strickland v. Washington*, 466 U.S. 668 (1984), which established a two-part test for determining whether a habeas petitioner received ineffective assistance of counsel at trial. *Id.* at 687. First, a petitioner must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

---

is unclear whether this claim was ever presented to an appellate court--that is, Lane may not have invoked "one complete round of the State's established appellate review process" as to this claim, indicating that the claim has not been exhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Respondent, however, explicitly states that he does not contest exhaustion in this case. Doc. 10 at 2.

At the outset, the state trial court explicitly set out the *Strickland* standard. Resp't's Ex. 10 at 1. It then referred to hearing testimony, stating that Darden explained at the hearing "that he made extensive efforts to locate [Novelle Bryant], including hiring a private investigator. He pointed out that he only had [Bryant's] name, and that defendant himself thought the witness might be in the state of Maine." *Id.* at 2. Applying *Strickland* to the facts, the state court, quoting *Morris v. State*, 257 Ga. App. 169 (2002), held that

> counsel cannot be held ineffective for failing to track down a witness whose whereabouts are unknown. In addition, [defendant] never proffered evidence at his motion for new trial showing what his alibi witness would have actually testified to had he been subpoenaed. Having failed to present more than his bare assertion that the witness could have supported his alibi defense, [defendant] cannot show his counsel was ineffective in failing to call him.

Reps't's Ex. 10 at 2 (alterations in original).

After reviewing the record, this Court concludes that the state court applied the correct U.S. Supreme Court authority and that Lane has not carried his burden by demonstrating that the court's finding of effectiveness was unreasonable.[4] *See Blankenship v. Hall*, 542 F.3d

---

[4] "Reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be

8

1253, 1271 (11th Cir. 2008) (§ 2254 habeas petitioner bears burden of showing that the state court's application of the *Strickland* standard was unreasonable). Accordingly, this claim is without merit.

B.  **Ex Post Facto Clause**

Lane next contends that his life sentence violates the Constitution's Ex Post Facto Clause, U.S. CONST. art. I, § 10, cl. 1, because his 1986 felony conviction for armed robbery could not be counted as a "serious violent felony" under Georgia's recidivist statute, O.C.G.A. § 17-10-7, which was not enacted until 1994. Doc. 4 at 4-9. The Court need not address the merits of Lane's contention because the claim is procedurally defaulted.

The federal courts' respect of state procedural default rules is well established. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

---

considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted). Here, the circumstances favor Darden's decision to pursue alternative defense strategies rather than devoting all of his resources to track down a missing alibi witness.

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. Echoing the holding in *Coleman*, the Eleventh Circuit has stated that a § 2254 petitioner who fails to properly raise his federal claims in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). Such procedural default arises when the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred. *Id.* (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992)).

Here, the state habeas court explicitly found that Lane's Ex Post Facto Clause claim was procedurally barred under O.C.G.A. § 9-14-48(d), which states that claims not raised in a timely manner under the proper procedure at trial or on direct appeal may not be reviewed in a habeas corpus proceeding absent a showing of cause or prejudice. Resp't's Ex. 11 (citing O.C.G.A. § 9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 239 (1985), which held that a petitioner's failure to timely object to any

10

alleged trial court error or to pursue such error on appeal will generally preclude review by writ of habeas corpus). Because the claim was not raised on appeal, the state habeas court found it to be procedurally defaulted. *Id.* at 3. Since "the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar, *i.e.*, an adequate and independent state ground," *Bailey*, 172 F.3d at 1303, this Court must respect its determination. *Atkins*, 965 F.2d at 956 (federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief) (citation omitted). Lane, for that matter, has not alleged cause or prejudice that would excuse his procedural default of this claim. Doc. 1 at 8; *see Johnson v. Singletary*, 938 F.2d 1166, 1174 75 (11th Cir. 1991) (discussing federal exception to procedural default rule as established in *Wainright v. Sykes*, 433 U.S. 72, 90-91 (1977)); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## IV. CONCLUSION

For the foregoing reasons, Lane's petition for a writ of habeas corpus, docs. 1 & 4, should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 25th day of February, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA